[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10818
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 9, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00145-CR-J-20MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACK LEE COGDELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 9, 2005)**

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

On June 2, 2004, a Middle District of Florida grand jury indicated appellant

for being a convicted felon in possession of a firearm and for possessing an

unregistered short-barreled shotgun, violation of 18 U.S.C. §§ 922(g), 924(a)(2), and 26 U.S.C. §§ 5861(d), 5871, respectively. Following his arraignment, appellant moved the district court to suppress physical evidence, including the subject firearms. The court referred the motion to a magistrate judge, who held an evidentiary hearing and issued a Report and Recommendation ("R&R") recommending that the motion be denied. The district court overruled appellant's objections to the R&R, adopted the R&R after reviewing the record, and denied the motion.

Appellant thereafter waived his right to a jury trial and the case was tried to the bench. The court found appellant guilty and sentenced him to concurrent prison terms of 54 months. He now appeals his convictions and sentences.

Appellant challenges his convictions on the ground that the court erred in denying his motion to suppress. We find no basis for vacating his convictions on that ground. The facts the magistrate judge found following the evidentiary hearing are not clearly erroneous, and his application of the law to those facts was correct. We turn then to the validity of appellant's sentences.

Appellant challenges his sentences on two grounds. He contends first that the district court, in determining the offense level for the subject offenses, committed clear error in not giving him full credit under U.S.S.G. § 3E1.1 for accepting

responsibility for his criminal conduct. Second, he argues that the court infringed his Fourth Amendment right to be free of unreasonable searches and seizures by requiring, as a condition of supervised release, that he submit to the DNA collection mandated by 42 U.S.C. § 14135a. As appellant properly acknowledges, Padgett v. Donald, 401 F.3d 1273 (11th Cir. 2005) (collection of DNA from prisoners does not violate the Constitution) forecloses this argument. We consider only his first contention.

Under United States v. Booker, 543 U.S. ____, 125 S. Ct. 738, 767 (2005), we review a defendant's sentence, imposed after consulting the guidelines and considering the factors set forth at 18 U.S.C. § 3553(a), for reasonableness. See United States v. Winingear, No. 05-11198, slip op. at 3515 (11th Cir. Aug. 30, 2005) ("[a]fter the district court has accurately calculated the Guideline range, it 'may impose a more severe or more lenient sentence' that we review for reasonableness.") (citation omitted). Among the factors that a district court should consider are the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). The court is not required, however, to " state on the record that it has explicitly

considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."

United States v. Scott, No. 05-11843, manuscript op. at 11-12 (11th Cir. Sept. 27, 2005).

In determining the offense level for the subject offenses, the court granted appellant a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a).  Section § 3E1.1(b) provides that a defendant may qualify for an additional one-level reduction if, "upon motion of the government," the government attests that the defendant has assisted the authorities by timely notifying the government of his intention to enter a plea.  U.S.S.G. § 3E1.1(b) (emphasis supplied).  As the commentary says, however, "[b]ecause the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion of the Government at the time of sentencing."  U.S.S.G. § 3E1.1, comment. (n.6) citing Pub. L. 108-21 § 401(g)(2)(B).  Because the Government did not move the court to make the subsection (b) adjustment, the court committed no error in refusing to do so.

Moreover, the sentences in this case are not unreasonable.  The court took into consideration "the total facts that surround the offense," including the fact that "there were drugs that were found at the defendant's residence at the time that the

4

search was conducted." In fact, the court indicated that it would have sentenced appellant to 60 months' imprisonment, exactly one-half the statutory maximum of 120 months, but reduced the term in light of the fact that appellant was in a county jail where he was not afforded the "things that 3553 speaks about." The court considered the guidelines range, which it calculated at 41-51 months and, after considering that range and the factors set forth at 18 U.S.C. § 3553(a), found that a 54-month sentence was "sufficient but not greater than necessary to comply" with the purposes of § 3553(a). In short, the court's pronouncement of a sentence three months longer than the highest recommended guidelines sentence, and less than one half the possible statutory maximum, was not unreasonable. See Winingear, slip op. at 3516 (holding a defendant's sentence reasonable because, inter alia, it was one tenth of the statutory maximum of 20 years).

AFFIRMED.