[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 18, 2005
THOMAS K. KAHN
CLERK

No. 05-12093
Non-Argument Calendar
_____

D. C. Docket No. 04-00101-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENATO URIARTE LEBRON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 18, 2005)

Before CARNES, PRYOR  and FAY, Circuit Judges.

PER CURIAM:

Renato Uriarte Lebron appeals his total 106-month[1] sentence, imposed after he pled guilty to one count of conspiracy to commit robbery and one count of carrying a firearm during a crime of violence, violations of 18 U.S.C. §§ 1951(a) and 924(c)(1)(A)(i), respectively. On appeal, Lebron argues that the district court erred by committing the structural error of not considering the sentencing factors set forth at 18 U.S.C. § 3553(a) when fashioning his sentence.[2] He argues that "full consideration" of those factors is required, and that, because the district court did not indicate that it had considered any of the factors, we should assume that it relied solely on the guidelines range. For the reasons set forth more fully below, we affirm.

Because Lebron did not object to his sentence on the grounds raised in this appeal, we will review for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied 125 S.Ct. 2935 (2005) (holding that a

---

[1] This total sentence represents the sentence imposed with respect to Count 1 and the mandatory 60-month consecutive sentence with respect to Count 2.

[2] Lebron admits that he lodged no objections to his sentence and, therefore, plain error review applies. However, he urges us to consider the error a structural one deserving of de novo review. In doing so, he purports to adopt the dissenting opinions in this Court's denial of the petition for rehearing en banc in United States v. Rodriguez, 406 F.3d 1261 (11th Cir. 2005). However, "[t]he law of this circuit is emphatic that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997). Thus, this argument lacks merit and is not further addressed. Furthermore, Lebron does not challenge the reasonableness of his sentence in light of United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Therefore, it is not addressed. See United States v. Smith, 416 F.3d 1350, 1354 (11th Cir. 2005) (holding that the failure to raise a Booker challenge in the initial brief abandons the issue).

2

defendant's failure to object to his sentence on Sixth Amendment grounds meant that this Court would review only for plain error). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." Id. (quotation and citation omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Here, the district court did not commit any error, plain or otherwise. The record indicates that the district court considered the statutory factors and purposes prior to imposing a sentence that it found to be sufficient, but not more than necessary, to satisfy those purposes. While it did not specifically elaborate on each and every factor, we have squarely held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, No. 05-11843, manuscript op. at 11-12 (11th Cir. Sept. 27, 2005). Accordingly, we conclude that the district court did not plainly err when imposing Lebron's sentence because it considered the statutory factors and was not required to elaborate or discuss each of them on the record. We, therefore, affirm.

**AFFIRMED.**

3