[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 28, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12671
Non-Argument Calendar

_____

D. C. Docket No. 04-60296-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT FERGUSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 28, 2005)

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Vincent Ferguson appeals his 168-month sentence for conspiracy to import cocaine, in violation of 21 U.S.C. § 963. On appeal, Ferguson argues that the Supreme Court's decision in United States v. Booker, 543 U.S. ___, ___, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005), requires that district courts use the Sentencing Guidelines as one of several factors of 18 U.S.C. § 3553(a) in determining a sentence's reasonableness, with no one factor bearing more weight then another. He contends that the district court's claim that it considered all of the § 3553(a) factors in sentencing him is not supported, and the district court stating that the guidelines were advisory did not equal the § 3553 analysis required by Booker. Ferguson also argues that the district court did not consider whether the statutory minimum sentence of 120 months' imprisonment would be sufficient. He states that the district court relied too heavily on § 3553(a)(4), the Sentencing Guideline range factor, and the court's only analytical comment was with regard to the large amount of cocaine involved, which Ferguson points out was seized, and so never ruined anyone's life. He contends that a sentence within the proper guideline range is not per se reasonable and that judges need to "provide a reasoned explanation" for their decisions. Finally, Ferguson argues that Booker suggests that a sentence would be unreasonable without a substantive § 3553(a) analysis.

In Booker, the Supreme Court held that "[a]ny fact (other than a prior

2

conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. Further, to best preserve Congress's intent in enacting the Sentencing Reform Act of 1984, two specific sections of the Act were excised—18 U.S.C. § 3553(b)(1) and 18 U.S.C. § 3742(e)—thereby effectively rendering the Sentencing Guidelines advisory. Id. at 764. After Booker, we review sentences under the advisory guideline regime for "unreasonable[ness]." Id. at 765.

Under the new advisory guidelines scheme, the Supreme Court directed sentencing courts to consider the following factors in imposing sentences:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; (3)the kinds of sentences available; (4) the kinds of sentence and the sentencing range. . .;(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); Booker, 543 U.S. at ___, 125 S.Ct. at 765-66. There is no requirement, however, that the district court engage in a detailed, step-by-step analysis of every factor, as we have held, "nothing in Booker or elsewhere requires

3

the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, No. 05-11843, man. op. at 11-12 (11th Cir. Sept. 27, 2005).

Upon review of the record and the sentencing transcripts, and upon consideration of the briefs of the parties, we discern no reversible error.

At sentencing, Ferguson noted that he had no objections to the calculation of the guideline range, but argued that, since § 3553 states that "a sentence should be sufficient but not greater then necessary to promote the purpose of sentencing," as a 41 year old, first time offender, he should receive the statutory minimum term of imprisonment of 120 months, which was "very stiff," despite the fact that it was below what the guidelines recommended. He also emphasized that, based on his lack of a criminal history there was no likelihood of recidivism and that, as an alien, he would not be able to take advantage of the Bureau of Prison's drug program or community confinement, which typically reduce incarceration time. The district court, upon considering the advisory guideline range and the § 3553 factors, rejected the lower statutory minimum requested by Ferguson, stating:

> The court recognizes that this defendant had no criminal history, and on its face the request would appear to be reasonable. But the court is troubled by the amount of cocaine that was involved in this case, 600 kilograms...that amount of cocaine can certainly ruin a lot of lives...The court finds it difficult to go below that 168 month bottom [of the guideline range] even in spite of the very persuasive argument

4

made by [defense counsel]. . . The court feels that a sentence at the low end of the guidelines would sufficiently punish Mr. Ferguson and also deter others....

Accordingly, the district court sentenced Ferguson to 168 months' imprisonment.

In light of (1) caselaw from this Court, which does not require a district court to discuss or explicitly state that it has considered each § 3553(a) factor, and (2) the district court's implicit consideration of most of the § 3553 factors, Ferguson's sentence was not unreasonable. Accordingly, we conclude that the district court did not impose an unreasonable sentence. We, therefore, affirm.

**AFFIRMED**.