UNITED STATES of America, Plaintiff–Appellee,

v.

Jose Maria SANCHEZ, Defendant– Appellant.

No. 05–11772

Non–Argument Calendar.

D.C. Docket No. 04–00368– CR–T–26–TGW.

United States Court of Appeals, Eleventh Circuit.

Dec. 15, 2005.

---

Linda Julin McNamara, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Pedro L. Amador, Jr., Pedro L. Amador, P.A., Tampa, FL, for Defendant–Appellant.

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jose Maria Sanchez appeals his 135–month sentence for possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii). Sanchez argues two issues on appeal, namely, that (1) the district court clearly erred in denying Sanchez a minimal or minor role reduction, pursuant to U.S.S.G. § 3B1.2(b); and (2) the district court's imposition of a sentence of 135 months was unreasonable because the district court only considered one of the § 3553(a) factors, entitling Sanchez to resentencing under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirm.

## I.

Sanchez first argues that the district court erred in denying him a minor role adjustment because it improperly ruled that the large amount of cocaine involved in the offense precluded a minor role adjustment. Sanchez contends he should have been granted a minor role adjustment because he was only a crew member, he had no ownership interest in the cocaine, he was paid little compared to the cocaine's value, and there were more people involved in this offense than those caught on the boat.

We have held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error.[1] *United States v. De Varon,* 175 F.3d 930, 934 (11th Cir.1999) (*en banc*). The Guidelines allow a court to decrease a defendant's offense level by four points if the court finds the defendant was a minimal participant or by two points if the court finds the defendant was a minor participant. U.S.S.G. § 3B1.2(a) and (b). A defendant is a minimal participant if he is "plainly among the least culpable of those involved in the conduct of a group." § 3B1.2, comment. (n. 4). A defendant is a minor participant if he "is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, comment. (n. 5).

■ The party seeking the downward adjustment bears the burden of establishing the defendant's role was minor by a preponderance of the evidence. *De Varon,* 175 F.3d at 939. In determining whether a mitigating role reduction is warranted, a district court examines: (1) the defendant's role against the relevant conduct for which he was held accountable, and (2) the defendant's role in comparison to the other participants. *Id.* at 940. When the relevant conduct attributed to a defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader criminal scheme for which he was not held accountable. *Id.* at 941.

We conclude that the district court's denial of a minor role adjustment is supported by the record under the applicable two-pronged analysis established in *De Varon,* 175 F.3d 930. Accordingly, the district court did not err in determining that Sanchez did not qualify for a minor role reduction.

## II.

■ Sanchez also argues that his sentence was unreasonable because the district court did not adequately consider, elaborate on, or discuss all of the § 3553(a) factors, as required by the holding in *Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621. According to Sanchez, the district court only considered one factor, sentence disparity, and did not consider other § 3553 factors in determining Sanchez's sentence.

Under *Booker,* we review a defendant's ultimate sentence for "unreasonableness." 543 U.S. at ——, 125 S.Ct. at 765. Specifically, the United States Supreme Court has directed sentencing courts to consider the following factors in imposing sentences under the advisory Guidelines's scheme: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established ... [from the Guidelines]; and (5) any pertinent policy statement ...; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar con-

---

1. This standard of review survives *Booker.* See *United States v. Crawford,* 407 F.3d 1174, 1178 (11th Cir.2005) ("We agree with the Fifth Circuit that *Booker* does not alter our review of the application of the Guidelines.").

duct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); *Booker*, 125 S.Ct. at 765–66.

We clarified that we first evaluate, using pre-*Booker* precedent, whether the district court correctly interpreted and applied the Guidelines to determine the appropriate advisory Guideline range. *Crawford,* 407 F.3d at 1178–79. As we noted, "the district court remains obliged to 'consult' and 'take into account' the Guidelines in sentencing [the defendant]," and the "reasonableness" standard applies to the ultimate sentence imposed. *Id.* We have held that, "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott,* 426 F.3d 1324 (11th Cir.2005). The § 3553(a) factors serve as guides for the district and appellate courts in determining whether a sentence is reasonable. *United States v. Winingear,* 422 F.3d 1241, 1246 (11th Cir.2005). However, we have declined to hold sentences within the Guideline range *per se* reasonable. *Id.*

We conclude that Sanchez's 135–month sentence is reasonable. As noted above, Sanchez's sentence was within the Guidelines range, one of the explicit § 3553(a) factors. 18 U.S.C. § 2553(a)(4). Further, the record shows the district court consulted the Guidelines and made an accurate computation of the Guidelines range. The district court also considered the other § 3553(a) factors and nothing in the record convinces us that the sentence was unreasonable in light of these factors.

Because we conclude that Sanchez's ultimate sentence was reasonable, we affirm.

AFFIRMED.