[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 30, 2006
THOMAS K. KAHN
CLERK

No. 05-12041
Non-Argument Calendar
_____

D. C. Docket No. 04-00438-CR-T-30-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEOFILO SINISTERRA-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 30, 2006)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Teofilo Sinisterra-Garcia appeals the sentence of 135 months of

imprisonment that the district court imposed after Sinisterra-Garcia pleaded guilty to two drug trafficking crimes, including conspiracy. Sinisterra-Garcia argues that the district court erroneously failed to grant him a minor-role reduction and imposed an unreasonable sentence. See U.S.S.G. § 3B1.2; 18 U.S.C. § 3553(a). Because the district court did not clearly err in finding that Sinisterra-Garcia did not play a minor role in the relevant conduct and imposed a reasonable sentence, we affirm.

## I. BACKGROUND

Sinisterra-Garcia was a crew member on a ship sailing from Colombia. He was arrested when the U.S. Coast Guard boarded the ship and found 600 bales of cocaine weighing 12,000 kilograms. Sinisterra-Garcia was charged with and pleaded guilty to possession with intent to distribute five kilograms or more of cocaine and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. See 46 App. U.S.C. §§ 1903(a), (g); 21 U.S.C. § 960(b)(1)(B).

The presentence investigative report held Sinisterra-Garcia accountable for the 12,000 kilograms of cocaine seized, declined to award him a minor-role reduction, and calculated the applicable guideline range to be 135 to 168 months of imprisonment. At sentencing, Sinisterra-Garcia argued he should receive a minor-

2

role reduction because he was a mere physical laborer, had limited knowledge of the conspiracy, was paid a small amount compared to the value of the contraband, and played an "infinitesimally small" role compared to other conspirators. The district court adopted the recommendations of the PSI and declined to grant a minor-role reduction because it considered the enormous quantity of drugs to be "an indication that this is a trusted crew and has been used before."

The district court stated that it had "considered the advisory guidelines and considered the factors of 18 U.S.C., Section 3553." The court concluded "the sentence imposed at the low end of the advisory guidelines is sufficient but not greater than necessary to comply with the statutory purposes of sentencing." The court imposed a sentence of 135 months.

## II. STANDARD OF REVIEW

We review the denial of a minor-role reduction under section 3B1.2 of the sentencing guidelines for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999). We review a sentence imposed after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), for reasonableness. See United States v. Scott, 426 F.3d 1324 (11th Cir. 2005).

## III. DISCUSSION

Sinisterra-Garcia argues the district court should have granted a minor-role

reduction and that his sentence was unreasonable. Both arguments fail. We address each argument in turn.

The district court did not clearly err by not granting a minor-role reduction. In considering a minor-role reduction, a district court considers "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in her relevant conduct." Rodriguez De Varon, 175 F.3d at 940. In comparing a defendant's role to that of other conspirators, "the district court should look to other participants only to the extent that they are identifiable or discernable from the evidence" and "may consider only those participants who were involved in the relevant conduct attributed to the defendant." Id. at 944. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id.

Sinisterra-Garcia's relevant conduct for which he was held accountable at sentencing was possession with intent to distribute 12,000 kilograms of cocaine and conspiracy to possess with intent to distribute 12,000 kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States. Sinisterra-Garcia's role in the relevant conduct was to help transport 12,000 kilograms of cocaine, and that role was not minor. Sinisterra-Garcia's role also was not minor compared to the role of the other participants in the relevant conduct, namely the

4

other crew members and captain of the ship. The conduct of the owner of the ship, the owner of the drugs, or any other alleged member of an alleged larger criminal conspiracy is irrelevant. Id. The district court did not clearly err by denying a minor-role reduction.

Sinisterra-Garcia also argues that the district court "failed to consider all factors deeded [sic] relevant under Section 3553(a)" and entered an unreasonable sentence, but "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the [section] 3553(a) factors or to discuss each of the [section] 3553(a) factors." Scott, 426 F.3d at 1329. The district court stated on the record that it had considered the section 3553(a) factors and expressly considered the large amount of drugs involved, the sentencing guidelines range, and the appropriateness of the sentence. The district court considered the sentencing guidelines advisory and imposed a sentence at the low end of the sentencing guidelines range. Sinisterra-Garcia's sentence was reasonable.

**AFFIRMED.**