[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2006
THOMAS K. KAHN
CLERK

No. 05-15480
Non-Argument Calendar

_____

D. C. Docket No. 04-00336-CR-T-17-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO STEVE BROOKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 2, 2006)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Roberto Steve Brooks appeals his sentence of 108 months of imprisonment

for two drug crimes to which Brooks pleaded guilty. Brooks argues the district court (1) clearly erred by denying him a minor-role reduction and (2) imposed an unreasonable sentence. See U.S.S.G. § 3B1.2; 18 U.S.C. § 3553(a). Because the district court did not clearly err when it denied the reduction and the sentence was reasonable, we affirm.

Brooks was a crew member on a Honduran vessel that the United States Coast Guard boarded and searched. The Coast Guard discovered 64 bales of cocaine that weighed 1536 kilograms and arrested Brooks and the other crew members. Brooks pleaded guilty to possession with intent to distribute and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to jurisdiction of the United States. See 46 U.S.C. app. § 1903(a), (g), (j); 18 U.S.C. § 2; 21 U.S.C. § 960(b)(1)(B)(ii).

At sentencing, Brooks objected that the presentencing investigation report failed to recommend a minor-role reduction. The government moved for a two-level downward departure based on Brooks's cooperation with the authorities. See U.S.S.G. § 5K1.1. Brooks requested an additional downward departure based on his cooperation, youth, and the hardships he faced during his lengthy pre-sentencing incarceration.

The district court found that Brooks was "an average participant in this

offense among those people among the crew" and denied the minor-role adjustment. The district court granted the downward departure requested by the government, denied the reductions requested by Brooks, and imposed a sentence of 108 months. The district court stated that it heard Brooks's "response" to "why judgment should not now be pronounced" and "found no cause to the contrary."

This Court reviews the denial of a minor-role reduction under section 3B1.2 of the sentencing guidelines for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). We review the sentence for reasonableness. See United States v. Scott, 426 F.3d 1324 (11th Cir. 2005).

First, Brooks argues the district court clearly erred by denying a minor-role reduction. The sentencing guidelines allow a district court to apply a minor-role reduction to a defendant who "is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b) cmt. n.5 (2005). In considering a minor-role reduction, a district court considers "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940.

The relevant conduct for which Brooks was held accountable at sentencing included possession with intent to distribute and conspiracy to possess with intent

3

to distribute five kilograms or more of cocaine while on board a vessel subject to jurisdiction of the United States. Brooks argues he was merely a "mule," but his role in helping transport over 1500 kilograms of cocaine was not "minimal." Furthermore, Brooks was not "less culpable" than most of the other crew members. The district court did not clearly err when it denied Brooks a minor-role reduction.

Second, Brooks argues his sentence was unreasonable because the district court failed to consider adequately Brooks's cooperation, deprivations he suffered in a lengthy pre-sentencing incarceration, and Brooks's youth and difficult life circumstances. There is no merit to these arguments. The district court granted the motion of the government to depart downward based on Brooks's cooperation. As a result of the downward departure, the sentence of 108 months fell below the minimum sentence of ten years that is mandated by the statute. See 21 U.S.C. § 960(b)(1)(B)(ii). Furthermore, before the district court sentenced Brooks, it heard his "response" to "why judgment should not now be pronounced" and "found no cause to the contrary." It was not unreasonable for the district court not to depart further when Brooks contended that he was inconvenienced in jail or had a difficult life.

**AFFIRMED.**