[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11166
Non-Argument Calendar

_____

D. C. Docket No. 05-00026-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

APOLINAR AGUIRRE CASTRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 16, 2006)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Apolinar Aguirre Castro appeals his 87-month sentence imposed after

pleading guilty to one count of conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and 21 U.S.C. § 960(b)(1)(B)(ii), and one count of possession with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, also in violation of 46 App. U.S.C. § 1903(a), (g), and 21 U.S.C. § 960(b)(1)(B)(ii). Castro appeals his sentence as unreasonable, arguing that, when it was imposed the district court failed to consider all of the factors enumerated in 18 U.S.C. § 3553(a).

The government contends that this appeal should be reviewed for plain error because of Castro's failure to make any objections to the sentence at his sentencing hearing, while Castro contends that the standard of review is reasonableness. We need not decide the issue because his sentence is reasonable and due to be affirmed under either standard of review.

A district court's sentence imposed under the advisory guideline regime is reviewable for "unreasonableness." United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005). The Supreme Court in Booker directed sentencing courts to consider the following factors in imposing sentences under the advisory guidelines scheme:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range. . .; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); Booker, 543 U.S. at 261, 125 S.Ct. at 765-66. There is no requirement, however, that the district court engage in a detailed, step-by-step analysis of every factor, and this Court has held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

Because the district court considered Castro's arguments and suggested mitigating factors, reduced his total offense level from 33 to 29, thereby doubling the reduction moved for by the government pursuant to U.S.S.G. 5K1.1, and imposed a sentence at the low end of the advisory guideline range, and given the crime committed, Castro's sentence was not unreasonably long. Accordingly, we affirm.

**AFFIRMED.**

3