[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 28, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-13035
Non-Argument Calendar

_____

D. C. Docket No. 03-00059-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK RICHARD TYNES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 28, 2005)

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

After a jury trial, Mark Richard Tynes appeals his 324-month sentence for

conspiring to possess with intent to distribute 100 kilograms or more but less than 1000 kilograms of a mixture or substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) and 846 (Count I), and his 120-month sentence for possession with intent to distribute less than 50 kilograms of a mixture or substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(D).  After review, we affirm.

On appeal, Tynes argues that, even under an advisory guidelines system, his sentence: (1) violates the statutory maximum as defined by Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000); (2) violates United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because the district court determined drug quantity based on facts neither admitted by him nor proven beyond a reasonable doubt; and (3) was unreasonable.

## I. STATUTORY MAXIMUM

Tynes argues that his sentence violates Apprendi because the district court impermissibly held him accountable for 1,360 kilograms of marijuana. Specifically, Tynes asserts that because (1) he did not admit to the 1,360 kilograms, and (2) the jury specifically found him guilty of distributing less than 1,000 kilograms of cocaine, the statutory maximum for Apprendi purposes is limited to a drug quantity of less than 1,000 kilograms.

2

Tynes was originally charged with conspiring to possess with intent to distribute 1000 kilograms or more of a mixture or substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) and 846 (Count I). Although the jury returned a guilty verdict as to Count I, the district court submitted a special verdict that directed the jury to "determine the amount of marijuana involved in the conspiracy." The jury selected "less than one thousand (1,000) kilograms but one hundred (100) kilograms or more of . . . marijuana." Thus, under Apprendi, the statutory maximum is limited to the maximum for an amount less than 1,000 kilograms of marijuana.

Based on the drug quantity found by the jury (less than 1,000 kilograms but more than 100 kilograms of marijuana), Tynes's statutory maximum would have been 40 years. See 21 U.S.C. 841(b)(1)(B). However, because Tynes has a prior criminal conviction for a felony drug offense, his statutory maximum became life. See id.[1] Because Tynes's statutory maximum was life, his 324-month sentence did not violate Apprendi.

## II. BOOKER

---

[1]"In Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir.), cert. denied, 125 S. Ct. 637 (2004). Neither Apprendi, Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), nor Booker disturbed the Almendarez-Torres holding. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir. 2005).

Tynes also argues that his sentence violates <u>Booker</u> because the district court determined drug quantity based on facts neither admitted by him nor proven beyond a reasonable doubt. This argument is foreclosed by Tynes's first appeal.[2]

In any event, this Court has repeatedly stated that after <u>Booker</u> a district court may continue to determine drug quantity, or any other enhancement under an advisory guidelines system, based on a preponderance of the evidence. <u>See</u> <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1297 (11th Cir. 2005). In fact, a district court may even continue to consider relevant <u>acquitted</u> conduct when applying the guidelines in an advisory manner. <u>See</u> <u>United States v. Duncan</u>, 400 F.3d 1297, 1304-05 (11th Cir. 2005). Consequently, Tynes's <u>Booker</u> argument is without merit.

### III. REASONABLENESS

Finally, Tynes argues that his sentences were unreasonable because his co-defendants received lower sentences. However, Tynes acknowledges that his "prior criminal history likely resulted in a stiffer penalty."

---

[2]This is Tynes's second appeal before this Court. In his first appeal, this Court determined that there was sufficient evidence to support the application of various enhancements and that the defendant's sentence did not violate <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000), or <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004). <u>See</u> <u>United States v. Tynes</u>, No. 12105 (11th Cir. Dec. 27, 2004). Shortly thereafter, the Supreme Court decided <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005). Based on <u>Booker</u>, this Court granted Tynes's motion for reconsideration and vacated his sentence. <u>See</u> <u>United States v. Tynes</u>, No. 12105 (11th Cir. Mar. 10, 2005). However, this Court affirmed the district court's guidelines calculations, including drug quantity. <u>Id.</u>

4

In imposing Tynes's sentences, the district court stated:

I do find this sentence meets the general goals of punishment and hopefully will act as a deterrence [sic] to others who might consider similar criminal conduct. And upon review of all of the factors properly considered under Title 18, United States Code, Section 3553-[a], taking into account the advisory nature of the sentencing guidelines, I do conclude that this sentence, which is within the guideline range but at the low end, is reasonable. This sentence is sufficient and a greater sentence is not necessary to comply with the statutory and defined purposes of sentencing.

Given Tynes's criminal history and the district court's consideration of the § 3553(a) factors, we conclude that his sentence was not unreasonable. See United States v. Scott, 426 F.3d 1324, 1330 (11th Cir. 2005); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).

For all the above reasons, we affirm Tynes's concurrent 324-month and 120-month sentences.

AFFIRMED.