[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2006
THOMAS K. KAHN
CLERK

No. 05-14244
Non-Argument Calendar

_____

D. C. Docket No. 04-00045-CR-WTM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIMAS PENALOZA RIOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(February 10, 2006)**

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Dimas Penaloza Rios appeals his sentence for unlawful reentry of a removed alien. See 8 U.S.C. § 1326(b)(2). Rios argues that the district court imposed an unreasonable sentence. We affirm.

On June 4, 2001, Rios, a Mexican citizen, was deported to Mexico after he completed his sentence for two drug convictions in California. On October 1, 2002, Rios was arrested in Georgia and charged with trafficking in methamphetamine. Rios pleaded guilty to the Georgia charge, received a sentence of 15 years of imprisonment, and began serving his sentence.

On July 30, 2004, Rios pleaded guilty to unlawful reentry of a removed alien. In October 2004, Rios was sentenced to 77 months of imprisonment, but this Court vacated his sentence and remanded for reconsideration under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). On remand, the district court held a sentencing hearing, provided Rios an opportunity to present mitigating evidence, and sentenced Rios to a term of 77 months of imprisonment "to commence upon the earlier of the defendant's release from custody on the state sentence that he is presently serving, or on October 1, 2007." Rios argued that he should be allowed to serve his federal sentence concurrently with his state sentence, but the district court disagreed. At the conclusion of the hearing, the district court solicited objections, but Rios did not object to any other aspect of his sentence.

Rios argues on appeal that his sentence is unreasonable because the district court did not impose it concurrent to the state sentence and failed to consider the sentencing factors provided by statute. See 18 U.S.C. § 3553(a). This Court reviews a sentence for reasonableness, id. at ___, 125 S. Ct. at 767, but when the defendant fails to preserve his argument on appeal, we reverse for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, ___ U.S. ___, 125 S. Ct. 2935 (2005). Section 3553(a) lists seven factors the district court must consider when imposing a sentence. 18 U.S.C. § 3553(a). Although the district court is required to consider these factors, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

The district court imposed a reasonable sentence. At the sentencing hearing, the district court solicited argument from the parties regarding several of the factors, including the nature of the offense, the need for adequate deterrence, the sentencing range, and the kinds of sentences available. As we explained in Scott, "nothing in Booker or elsewhere" required a more elaborate discussion of the sentencing factors in section 3553(a). Id. The district court also reasonably determined that a concurrent sentence would provide insufficient deterrence

3

because Rios has demonstrated disregard for the immigration laws. The district court did not err, plainly or otherwise, by imposing Rios's sentence.

**AFFIRMED**.