[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2006
THOMAS K. KAHN
CLERK

No. 05-14180
Non-Argument Calendar
_____

D. C. Docket No. 04-00549-CR-T-17EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO MUNOZ VALDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 16, 2006)**

Before CARNES, BARKETT, and PRYOR, Circuit Judges.

PER CURIAM:

Following a guilty plea, Francisco Munoz Valdez was sentenced to 135-months imprisonment for one count of conspiracy to possess with intent to

distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. §§ 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii), and one count of possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. §§ 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).  Valdez appeals his sentence, arguing that:  1) the district court erred in denying him a minor-role reduction pursuant to the Sentencing Guidelines § 3B1.2(b); and 2) the district court failed to consider the requisite sentencing factors set forth in 18 U.S.C. § 3553(a).  For the following reasons, we affirm.

## I.

Valdez argues that the district court erred in failing to award him a minor-role reduction pursuant to the Sentencing Guidelines § 3B1.2(b).  We review the district court's finding regarding a minor-role reduction for clear error.  United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002).  Valdez has the burden of establishing that his role was minor by a preponderance of evidence.  Id.  "Only if the defendant can establish that []he played a relatively minor role in the conduct for which []he has already been held accountable – not a minor role in any larger criminal conspiracy" may a downward adjustment be applied.  United States

2

v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999).

At sentencing, Valdez did not object to the factual accuracy of the presentence report. The report indicated that Valdez was one of five crew members on a boat transporting approximately 2,627 kilograms of cocaine. In addition, when the crew encountered the United States Coast Guard, all members of the crew discarded numerous bales of cocaine, which were later recovered. Based on these facts, the district court's finding that Valdez played a role similar to others and, therefore, failed to show that he was substantially less culpable than other participants in the conspiracy, is not clearly erroneous.

## II.

Valdez also claims that the district court failed to sentence him pursuant to the factors set forth in 18 U.S.C. § 3553(a). He argues that he should have been given a lesser sentence because he had no criminal history, was poor, was from a third world nation ravished by civil war, and only minimally participated in the offense. The government responds by saying that the district court explicitly stated it considered the factors in § 3553(a), and the court could have reasonably imposed a greater sentence under the guidelines based on the quantity of cocaine recovered by authorities.

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that

sentences are to be reviewed for "reasonableness." Booker, 543 U.S. at 261-62. Moreover, we have held that we will review whether a sentence is reasonable in light of the factors set forth in § 3553(a). United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005); see Booker, 543 U.S. at 261. However, we have also held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." Scott, 426 F.3d at 1329.

The record in this case reflects that the district court adequately and properly considered the sentencing factors set forth in § 3553(a). At sentencing, the district court explicitly noted that "[a]fter considering the advisory sentencing guidelines and all factors identified in Title 18, United States Code, Section 3553(a)(1) through (7), [the] Court finds that the sentence imposed is sufficient but not greater than necessary to comply with the statutory purposes of sentencing."[1] Accordingly, upon review of the sentencing transcript and the presentence investigation report, and upon consideration of the parties' briefs, we find no reversible error with respect to Valdez's sentence.

**AFFIRMED**

---

[1] The district court also stated, "the Court having reviewed the presentence report pursuant to Title 18, United States Code, Section 3551 and 3553 . . . it is the judgement of the Court that the defendant . . . is hereby committed to the custody of the Bureau of Prisons . . . for a term of 135 months."