[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2006
THOMAS K. KAHN
CLERK

No. 06-13050
Non-Argument Calendar

_____

D. C. Docket No. 01-00112-TP-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN BAPTISTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 3, 2006)**

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Marvin Baptiste appeals his nine-month term of incarceration, which was imposed upon revocation of his supervised release after he violated four conditions of his supervised release.  On appeal, Baptiste argues that the district court failed to

consider the factors in 18 U.S.C. § 3553(a) before imposing his sentence, which was within the advisory Guidelines range that he faced, and that his sentence was unreasonable. After careful review, we affirm.

The relevant facts are straightforward. In 1999, Baptiste pled guilty to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to a 27-month term of imprisonment, followed by five years' supervised release. After serving his prison sentence, Baptiste's supervised release was revoked for the first time in 2004, at which time he was sentenced to a four-month term of incarceration followed by a term of 56 months' supervised release.

Thereafter, on April 5, 2006, which was after Baptiste completed his second prison term and again was on supervised release, Baptiste's probation officer filed a "Petition for a Warrant" based on the following facts. On March 12, 2006, in Osceola County, Florida, Baptiste committed the offenses of giving a false name or false identification after he was arrested or detained, in violation of Fla. Stat. § 901.36, and driving while his license was suspended, in violation of Fla. Traffic Law 322.34. After his arrest, Baptiste did not notify his probation officer, as the terms of his supervised release required him to do. Moreover, Baptiste had left the judicial district, as evidenced by the traffic stop in Osceola County, which is not in

2

the Southern District of Florida, without first securing the probation officer's permission. He subsequently lied to the probation officer in connection with the March 12, 2006 incident. Thus, the probation officer stated that Baptiste had violated the following conditions of his supervised release: (1) failure to refrain from a violation of the law; (2) failure to notify his probation officer within 72 hours after being arrested or questioned by a law enforcement officer; (3) leaving the judicial district without first securing permission of the probation officer; and (4) failure to answer truthfully all inquires by the probation officer.

After granting the Petition for a Warrant, the district court conducted a supervised-release revocation hearing, at which Baptiste did not contest any of the violations alleged in the Petition. However, he did present mitigating evidence in support of a lower sentence, including the testimony of his father who testified that Baptiste was with him at a birthday party the evening before the arrest and had, therefore, not been out of the district for the entire weekend. Rodney Jackson testified that he was with Baptiste on the day of the offense. Jackson stated that Baptiste had called him in the morning and indicated that there was an emergency requiring him (Baptiste) to go pick up his brother. Jackson testified that because he was still under the influence from being out the prior evening, Baptiste drove the vehicle. Baptiste's brother, Nathan Baptiste, testified that on the day of the

3

incident, he called his mother to come and pick him up. According to Nathan Baptiste, his mother was sick at the time of the incident and ultimately had to undergo a double kidney transplant stemming from her illness.

Finally, Baptiste testified on his own behalf. He said that he went to pick up his brother because his mother was unable to go due to a kidney condition. Baptiste claimed that he did not call his probation officer because he was tired, he had just had an argument with his mother about picking up his brother, and it had not occurred to him at the time. He explained that he lied about the incident to the probation officer in order to avoid getting into more trouble because he felt that his life had been moving in a positive direction up until that point.

After presenting this testimony, Baptiste requested a sentence of 120 days' house arrest and asked the court to consider the mitigating factors, including his current job and family situation, when making its decision. In addition to indicating his remorse, Baptiste urged the court to consider that he now "understands what he's got to lose" and urged the court to give him another chance.

The district court responded that while it was in favor of giving second chances, "in [Baptiste's] case he's been given plenty of chances if you look at his criminal history." The court then found that Baptiste had violated the terms and

conditions of his supervised release and stated that it had "carefully considered the statements of all parties and the information contained in the violation report, including Chapter 7 policy statements . . . [and] determined that a sentence within the guideline range is appropriate." The court then imposed a sentence of nine-months' imprisonment, followed by 47 months' supervised release. Baptiste submitted no objections to the foregoing sentencing scheme. This appeal followed.

Baptiste argues that his sentence was unreasonable because the district court did not give adequate weight to the mitigating evidence he presented, including his own testimony about what happened on the day of the supervised-release violations. We disagree.

From our review of the record, it is clear that the district court imposed the nine-month sentence only after it had heard Baptiste's mitigating testimony and considered argument that implicated the 18 U.S.C. § 3553(a) factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; and the need for the sentence "to protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a)(1), (2)(B)-(D). The court was not required to discuss each factor as we have specifically held that "nothing in Booker requires the district court to state on the record that it has

explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). In addition to hearing the mitigating testimony Baptiste presented, the court also explicitly mentioned the Chapter 7 policy statements as well as the guideline range when it stated

> The Court has carefully considered the statements of all parties and the information contained in the violation report, including Chapter 7 policy statements. The Court finds the defendant has violated the terms and conditions of supervised release and hereby revokes the period of supervised release. The Court has determined that a sentence within the guideline range is appropriate.

(R2 at 19); see also 18 U.S.C. § 3553(a)(4). In short, the district court adequately considered the § 3553(a) factors and imposed a reasonable sentence within the Guidelines range.[1]

**AFFIRMED.**

---

[1]As for Baptiste's argument, raised for the first time on appeal, that the district court did not afford sufficient consideration to the sentences of other defendants in the underlying offense, he has not shown plain error. We likewise are unpersuaded by Baptiste's other arguments, which we find unpersuasive in light of the record.