[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 07, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10968
Non-Argument Calendar

_____

D. C. Docket No. 05-00026-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR BONILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 7, 2007)**

Before BIRCH, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Cesar Bonilla appeals his 168-month sentence following his guilty plea to

one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C.A. App. § 1903(a),(g),(j) (2006) (repealed Oct. 6, 2006), and 21 U.S.C. § 960(b)(1)(B)(ii), and one count of the underlying substantive offense, in violation of 46 U.S.C.A. App. § 1903(a),(g) and 21 U.S.C. § 960(b)(1)(B)(ii). He raises a number of issues.

## I.

Bonilla contends that his sentence violates the Sixth Amendment because the factual premise of the sentence enhancement that was applied to him under United States Sentencing Guidelines § 2D1.1(b)(2)(B) (Nov. 2005) was neither found by a jury beyond a reasonable doubt nor admitted by him when he pleaded guilty. Because Bonilla was sentenced under the post-United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), advisory guidelines regime, there was no constitutional error in the use of judge-found facts. See United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006).

## II.

Bonilla contends that the evidence was insufficient to support the § 2D1.1(b)(2)(B) enhancement he received for being the ship's captain. This contention is based on his argument that the prosecutor merely made a proffer of evidence, which was never actually introduced. That argument was not made in

2

the district court, so we review only for plain error. That means Bonilla must show that an error occurred, it was plain, it affected substantial rights, and it "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Duncan, 400 F.3d 1297, 1301 (11th Cir. 2005) (citations omitted), cert. denied, ___ U.S. ___, 126 S. Ct. 432 (2005).

Nothing in the sentencing guidelines, any applicable rules, or case law prohibits a court from resolving a disputed sentencing issue based on proffered evidence. It is true that upon challenge (of which there was none here) the government has the burden to support a sentencing enhancement with "reliable and specific evidence." United States v. Bernardine, 73 F.3d 1078, 1081 (11th Cir. 1996) (internal quotation marks omitted). In Bernardine, we found that the government had not met its burden through a proffer of evidence:

> While case law from this circuit permits a district court to consider reliable hearsay evidence at sentencing, the kind of "proffer" which the court accepted here was neither reliable nor evidentiary. The prosecutor's bald statement that he could produce three witnesses who would testify to smoking marijuana with Bernardine cannot support the enhancement. The prosecutor himself could not testify to the fact of Bernardine's alleged marijuana use, a fact about which he had no personal knowledge. Moreover, Bernardine was unable to challenge the allegation: he could neither examine the "witness-prosecutor" nor confront the potential declarants. Accordingly, the district court's reliance on the "proffer" of testimony was not "proper."

Id. at 1082. At the sentencing hearing in this case, in response to Bonilla's objection to the captain enhancement being applied, the government informed the

3

court that two witnesses were present, a special agent and a codefendant, who would testify that Bonilla was the captain and operated the GPS system. Thus, unlike the situation in <u>Bernardine</u>, the witnesses were present and prepared to testify in this case, and Bonilla could have examined and confronted them if he had wanted.

The government also represented to the district court that the special agent would testify that, based on the debriefings, the other codefendants identified Bonilla as the ship's captain and the person who handled the GPS system. Bonilla agreed the two witnesses would testify that he was captain, and he confirmed that he had no contrary evidence to offer on that point. Bonilla did not suggest to the district court that the factual assertions in the government's proffer were unreliable or nonspecific. Accordingly, there was no error, much less plain error.

Bonilla also contends that even if there was sufficient basis to find he was the captain of the vessel, the actual importation of the cocaine did not come about and for that reason the § 2D1.1(b)(2)(B) enhancement should not have been applied. This is another issue Bonilla failed to raise in the district court, so our review is limited to looking for plain error. Under the sentencing guidelines, a two-level increase is applied if, while unlawfully importing a controlled substance, "the defendant acted as a pilot, copilot, captain, navigator, flight officer, or any other operational officer aboard any vessel carrying a controlled substance . . . ."

4

U.S.S.G. § 2D1.1(b)(2)(B). The heading for U.S.S.G. § 2D1.1 reads: "Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy." U.S.S.G. § 2D1.1 (emphasis added). We do not require the importation to occur before a sentence can be increased by two-levels under U.S.S.G. § 2D1.1(b)(2)(B). United States v. Rendon, 354 F.3d 1320, 1330 (11th Cir. 2003). Facts that establish a conspiracy to unlawfully import a controlled substance are sufficient to adjust a sentence upwards by two-levels if the defendant acted as a captain of the vessel, as Bonilla did. See id. Again, there was no error, much less plain error.

## III.

Finally, Bonilla contends that his sentence ought to be vacated because the district court imposed it without considering all the 18 U.S.C. § 3553(a) factors. At sentencing a district court is not required to discuss or recount each of the § 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). It is enough for the court to state that it has considered the defendant's arguments and the § 3553(a) factors. Id. at 1330. The court did that in this case.

**AFFIRMED.**