[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 6, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-13048
Non-Argument Calendar

_____

D. C. Docket No. 09-20028-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SYDNEY CESAIRE-VALERY,
a.k.a. Sidney Cesaire-Valery,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 6, 2010)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Sydney Cesaire-Valery appeals his 46-month sentence following his guilty

plea to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). Cesaire argues that this sentence is substantively unreasonable because the district court failed to make a proper assessment in light of the factors listed in 18 U.S.C. § 3553(a). We find no merit in Cesaire's argument and affirm the sentence of the district court.

We review the sentence of the district court for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007). Once we conclude that the district court made no procedural errors, we then consider "the substantive reasonableness of the sentence," under the totality of the circumstances. *Id.* at 51, 128 S. Ct. at 597.[1]

Cesaire's sentence was substantively reasonable. Cesaire argues that his sentence is unreasonable because the district judge failed to give proper weight and consideration to: (1) the fact that his purpose for returning to the United States was to see his son; (2) that he was under the impression that a French judge could give him permission to return to the United States; and, (3) that he did not have specific intent to violate any federal statutes. However, the district judge, in pronouncing sentence, specifically referred to "your guideline range and the *statutory factors*." Doc. 44 at 7 (emphasis added). This statement is adequate to establish the district

---

[1]Cesaire did not raise the issue of procedural reasonableness, so we will not consider that issue.

court's consideration of the § 3553(a) factors.  *See United States v. Scott*, 426 F.3d 1324, 1330 (11th Cir. 2005).  As such, we find that the sentence of the district court was procedurally and substantively reasonable.

**AFFIRMED**.