[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12676
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 18, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00336-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL MARTIN,
a.k.a. Darry Martin,
a.k.a. John Glover,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 18, 2010)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Darryl Martin appeals his conviction and 235-month sentence for two counts

of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). After a thorough review, we affirm.

I. Background

During an investigation, ATF Agent Richard Zayas learned from a confidential informant that Martin had firearms to sell. Zayas arranged to meet with Martin to discuss the purchase of firearms. At the meeting, Martin sold Zayas a semiautomatic weapon for $900. At a second meeting, Martin sold Zayas a nine millimeter firearm for $450. Martin was indicted on two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e).

At trial, Zayas identified the confidential informant as John Speights. Speights had served as an informant several times and had been paid for his information. Zayas acknowledged that Speights had a long criminal history and stated that, by the time of the trial, he no longer used Speights as an informant. When defense counsel inquired why Zayas no longer used Speights, the government objected on the ground of improper impeachment. At a sidebar, the government explained that Speights had been arrested for rape and thus the government could no longer call him as a witness. Defense counsel admitted that she could not ask Zayas whether Speights had been arrested, but that she could question whether Zayas no longer found Speights credible. The court sustained the

2

government's objection.

Martin testified in his own defense, admitting that he was addicted to drugs. Martin detailed his difficult childhood, the abuse he suffered, and his learning disability. Martin stated that he was homeless, but would sometimes stay with his cousin Speights. Martin explained that Speights had hit him in the past and he admitted that he had sold the guns to Zayas because he was afraid of Speights. According to Martin, Speights drove him to the meetings and told him what to say. Another witness corroborated Martin's allegations of abuse by Speights. In rebuttal, Zayas testified that Martin did not appear apprehensive during the second meeting. Although the jury was instructed on duress, the jury convicted Martin on both counts.

The presentence investigation report ("PSI"), calculated the sentencing guidelines range as follows: the base offense level was 22 under U.S.S.G. § 2K2.1(a)(3)(A), but rose to 33 due to Martin's status as an armed career criminal, § 4B1.4(b)(3)(B). Martin had numerous prior convictions, including aggravated assault, robbery, battery, and domestic violence, as well as several controlled substance offenses. He faced a criminal history category of VI based on both his prior convictions and his status as a career offender. The resulting guidelines range was 235 to 293 months' imprisonment with a mandatory minimum sentence of 180

months' imprisonment under 18 U.S.C. § 924(e).

Martin filed no objections to the PSI calculations. He did, however, maintain his innocence and reiterate that he had been coerced by Speights. At sentencing, Martin requested that the court consider Speights's lengthy criminal history, including the rape charge currently pending. The district court considered the guidelines range and the sentencing factors in 18 U.S.C. § 3553(a)[1] before sentencing Martin to 235 months' imprisonment. The court noted Martin's "essentially continuous" criminal conduct over a twenty-year period and stated that although the need to provide education, training, and medical care might warrant a longer sentence, it would "give no weight or effect" to the argument that Martin might be better off with a longer sentence. Martin now appeals, arguing that (1) the limitations on his cross-examination of Zayas violated the Confrontation Clause, and (2) the sentence imposed was unreasonable.

II. Standards of Review

We review the district court's restrictions on cross-examination for abuse of discretion. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1371 (11th Cir.

---

[1] Section 3553(a) provides that district courts must consider, *inter alia*, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) the need to protect the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(6).

1994).  We review the final sentence imposed by the district court for reasonableness.  *United States v. Williams*, 526 F.3d 1312, 1321 (11th Cir. 2008). The reasonableness standard means review for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 46 (2007).  Martin bears the burden of showing his sentence was unreasonable in light of the § 3553(a) factors.  *Williams*, 526 F.3d at 1322.

III. Discussion

A. Confrontation Clause

First, Martin argues that the court violated his rights under the Confrontation Clause when it refused to allow him to cross-examine Zayas regarding his beliefs about Speights's credibility.  Martin contends the testimony was relevant to establish that law enforcement officials no longer considered Speights credible or reliable.  Martin maintains that had the jury known Speights lacked credibility, the outcome of the case would have been different.

A defendant's rights under the Confrontation Clause include the right to cross-examine witnesses.  *United States v. Diaz*, 26 F.3d 1533, 1539 (11th Cir. 1994).  "[T]he Sixth Amendment is satisfied where sufficient information is elicited to allow the jury to gauge adequately a witness' credibility and to assess his motives or possible bias."  *Id.* at 1541 (citation omitted).  However, the defendant is not guaranteed "cross-examination that is effective in whatever way,

5

and to whatever extent, the defense might wish." *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987) (citation omitted). Once there is sufficient cross-examination to satisfy the Confrontation Clause, the district court may limit further cross-examination within its discretion. *Id.* at 1539.

The defendant's Sixth Amendment right to confront witnesses extends only to those who provide evidence at trial. *Shuler v. Wainwright*, 491 F.2d 1213, 1224 (5th Cir. 1974).[2] Thus, it is not error for the district court to refuse to allow a defendant to introduce an informant's conviction record at trial where the informant did not testify and was not a hearsay declarant. *United States v. Kabbaby*, 672 F.2d 857, 863 (11th Cir. 1982). Moreover, there is no Confrontation Clause violation when the government chooses not to call an informant as a witness. *Id.* at 864.

Here, because Speights did not testify, there was no violation of the Confrontation Clause. Finding no error, we affirm Martin's conviction.

B. Sentencing

Martin also argues that his sentence is unreasonable because the district court did not adequately consider Speights's involvement and his history of

_____

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), this court held that all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.

6

abusing Martin, as well as Martin's history of mental health problems.

Once we conclude, as here, that the district court made no procedural errors, we consider "the substantive reasonableness of the sentence," under the totality of the circumstances. *Gall*, 552 U.S. at 51. In conducting this review, we will look to see whether the district court considered the § 3553(a) factors; however, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *Williams*, 526 F.3d at 1322 (quotation omitted). Moreover, there is no requirement that the district court explicitly discuss its consideration of each of the § 3553(a) factors on the record. An acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors is usually sufficient to meet this requirement. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Scott*, 426 F.3d 1324, 1330 (11th Cir. 2005).

Upon review, we conclude the district court did not abuse its discretion in imposing a sentence at the low end of the guidelines range. The court considered the advisory guidelines range and the § 3553(a) factors in determining the sentence to impose. The district court also noted that, although a longer sentence could be beneficial to Martin's need for education, training, and medical care, it gave no weight to the advantages of a longer sentence and imposed a sentence at the low

7

end of the guidelines range.  The sentence imposed was well below the statutory maximum of life imprisonment and Martin has not shown the sentence was unreasonable.  Accordingly, we

**AFFIRM.**