[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15213
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:10-cr-60162-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS FORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 19, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Ford appeals his sentence of 198 months' imprisonment, varying

downward from his guideline range, after pleading guilty to one count of

distribution of child pornography using any means or facility of interstate or foreign commerce in violation of 18 U.S.C. § 2252(a)(2). Ford argues on appeal that the district court erred in enhancing his offense level by five levels, pursuant to U.S.S.G. § 2G2.2(b)(3)(B), because there was insufficient proof that he distributed files in anticipation of receipt of something of value. Ford also argues that his sentence is unreasonable because it is based on a flawed guideline that was determined without the benefit of empirical evidence, and because the district court failed to give proper consideration to the factors set forth in 18 U.S.C. § 3553(a).

I

We review the district court's interpretation and application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Knight*, 562 F.3d 1314, 1322 (11th Cir.), *cert. denied*, 130 S.Ct. 192 (2009).

Section 2G2.2(b)(3)(B) provides for a five-level increase in a defendant's sentence for transporting material involving the sexual exploitation of a minor if his offense involved "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(3)(B). The Guideline defines the phrase as meaning "any transaction, including bartering or

2

other in-kind transaction, that is conducted for a thing of value but not for profit." U.S.S.G. § 2G2.2, comment. (n.1). "Thing of value" is further defined as "anything of valuable consideration. For example, in a case involving the bartering of child pornographic material, the 'thing of value' is the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received." *Id.* We have also held that "when a defendant trades child pornography in exchange for other child pornography, the defendant has engaged in distribution for the receipt, or expectation of receipt of a thing of value." *United States v. Bender*, 290 F.3d 1279, 1286 (11th Cir. 2002) (quotation omitted).

The district court found that Ford had participated in publicly available peer-to-peer file sharing networks and had both distributed child pornography to others and had viewed and downloaded child pornography files from others, a finding that is supported by Ford's own admissions to the same. Although Ford argued that the child pornography files that he received were not a thing of value under § 2G2.2(b)(3)(B), he never disputed that he had actually downloaded those files from the file sharing networks. Thus, the district court did not err in determining that, pursuant to § 2G2.2(b)(3)(B), the five-level upward adjustment was warranted.

3

II

We review the reasonableness of a sentence, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range," under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011).

Procedural reasonableness includes whether the district court properly calculated the guideline range. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

"[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations and alterations omitted). A sentence may be substantively unreasonable where a district court "unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors,

4

selected the sentence arbitrarily, or based the sentence on impermissible factors." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

The district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, it is sufficient for the sentencing judge to set forth "enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468 (2007). The burden of establishing that a sentence is unreasonable lies with the party challenging the sentence. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

In *Kimbrough*, the Supreme Court held that a district court may deviate from the Guidelines in a particular crack cocaine case because the Guidelines range for these offenses did not take into account "empirical data and national experience." *Kimbrough v. United States*, 552 U.S. 85, 109-10, 128 S.Ct. 558, 575 (2007) (quotation omitted). The Supreme Court did not hold, however, that all enhancements must be supported by empirical data or that all crack cocaine sentences must be lower than the Guidelines range because of the lack of supporting empirical data. *See id.* Instead, the Court held that "it would not be an

abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Id.* at 110, 128 S.Ct. at 575.

In *Pugh*, we acknowledged that *Kimbrough* gave district courts the authority to deviate from the Guidelines in crack cocaine cases because the sentencing ranges did not take into account empirical data and national experience. *See Pugh*, 515 F.3d at 1201 n.15. However, we held that the child pornography guidelines "do not exhibit the deficiencies the Supreme Court identified in *Kimbrough*." *Id.* Furthermore, we recognized that we have "typically treated child sex offenses as serious crimes, upholding severe sentences in these cases." *Id.* at 1202.

The district court did not abuse its discretion by refusing to disregard the guideline range produced by § 2G2.2. As we explained in *Pugh*, the child pornography guidelines do "not exhibit the deficiencies the Supreme Court identified in *Kimbrough*." 515 F.3d at 1201 n.15. But even if those deficiencies did exist, *Kimbrough* merely permits district courts to deviate from a guideline but does not require them to do so. *See Kimbrough*, 552 U.S. at 109-10, 128 S.Ct. at 575. Furthermore, in this case, the district court actually varied downward from

6

Ford's guideline range of 210 to 240 months' imprisonment by imposing a sentence of 198 months' imprisonment.

Ford's sentence is also substantively reasonable, because the district court stated that it had considered Ford's arguments and reviewed the entire revised PSI in determining Ford's sentence. Furthermore, the district court stated that it had considered all the statutory factors and specifically noted that "the sentence to be imposed reflects just punishment, promotes respect for the law, deters future criminal conduct on the part of the defendant, and protects the public from future criminal conduct by the defendant."

**AFFIRMED.**[1]

---

[1] Ford's request for oral argument is denied.