[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14415
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80129-KLR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YONIS ERNESTO VILLATORO-ORDONEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 27, 2015)

Before TJOFLAT, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Yonis Villatoro-Ordonez pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a).  He now appeals his 6-month, within-guideline range sentence.[1]  On appeal, Defendant argues that the district court procedurally erred in imposing his sentence by failing to consider all the 18 U.S.C. § 3553(a) factors.  After review, we affirm.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process.  *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first to whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[2]  *Id.*  The party challenging the sentence bears the burden of showing that it is unreasonable.  *Id.* at 1189.  On appeal, Defendant challenges his sentence only on procedural reasonableness grounds.

---

[1]  Although Defendant was released from prison on January 12, 2015, his appeal is not moot because he is still serving a one-year supervised release term.  *See Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995).

[2]  The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

The district court commits a significant procedural error by miscalculating the advisory guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id.* at 1190. While a failure to consider the § 3553(a) factors constitutes procedural error, a district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). An acknowledgment that the court has considered the defendant's arguments and the § 3553(a) factors is adequate. *Id.* at 1330.

Here, Defendant has not shown that his sentence is procedurally unreasonable. Contrary to Defendant's argument, the district court did consider the § 3553(a) factors before imposing sentence. The record reflects that the district court placed substantial weight on Defendant's history of prior illegal reentries and on the need to deter Defendant from committing further criminal conduct: specifically, discouraging his pattern of continuing to illegally reenter the United States after being deported. In doing so, the court noted that, despite having been deported twice in the prior two years and having previously been sentenced to time

served[3]—the same sentence Defendant was requesting in the present case—Defendant had been undeterred and had continued to illegally reenter the United States.  The court also addressed the § 3553 factor that Defendant argued should control:  the violent conditions in El Salvador and the fact that his wife and child[4] lived in the United States.  It, however, rejected this factor as justifying Defendant's illegal reentry or a lower sentence.

Further, the district court explicitly acknowledged that it had considered the parties' arguments at sentencing and that it had considered the § 3553(a) factors. The fact that the court emphasized particular factors—the need to deter Defendant from continuing to illegally reenter the United States and his past history of illegal reentry—does not mean that it failed to consider all the factors or that the sentence was unreasonable.  *See United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008) (the fact that the sentencing court emphasizes one § 3553 factor as most important does not mean that it has failed to consider all the factors). Consequently, the district court did not procedurally err in sentencing Defendant.

**AFFIRMED.**

---

[3]  At the time of sentencing, Defendant had served almost two months, which was within Defendant's guideline range of one to seven months' imprisonment.
[4]  Defendant married his wife while he was illegally in this country and the child of that union was also born while Defendant was here illegally.