[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13102
Non-Argument Calendar

_____

D. C. Docket No. 04-80042-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH CASEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 1, 2007)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

For a second time, Joseph Casey appears before us to appeal a 120-month

prison sentence he received as a result of his July 2004 guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). This count resulted from Casey's involvement in a burglary and high-speed chase through heavy traffic.

On appeal of his first 120-month sentence, we remanded his case to the district court "with instructions that Casey is to be resentenced in accord with the [United States v.] Booker[, 543 U.S. 220, 125 S. Ct. 738 (2005)] decision." United States v. Casey (Casey I), 153 Fed. Appx. 669, 670 (11th Cir. 2005) (unpublished). Taking the sentencing guidelines as merely advisory, the district court on remand imposed a sentence identical to the one Casey received at his first sentence hearing.

Casey now appeals this new 120-month sentence. He offers two grounds in support of a second remand, but neither of those grounds entitle him to relief.

First, Casey makes a contention that he could have raised (but did not raise) in either his first sentence hearing or on his first appeal: He says that he should not be subjected to a two-level enhancement for obstruction of justice under United States Sentencing Guidelines § 3C1.2 (Nov. 2003). Whatever the merits of this contention, we cannot say the district court erred at resentencing by leaving the enhancement intact. See United States v. Mesa, 247 F.3d 1165, 1166 (11th Cir. 2001) (holding that a district court need not "consider an issue at re-sentencing on

2

remand that is not within the scope of the mandate and which Defendant failed to raise in his prior sentencing and appeal therefrom"); see also United States v. Pineiro, 470 F.3d 200, 206–07 (5th Cir. 2006) (holding that by recalculating the defendant's offense level, the district court exceeded the scope of its mandate to "resentenc[e] in accordance with Booker").  Our resentencing mandate in Casey's first appeal covered the "only issue he raise[d]," which was the effect of the "non-constitutional Booker error" on his sentence and not the calculation of his guideline range.  See Casey I, 153 Fed. Appx. at 670.  Casey has waived the enhancement issue.

Second, Casey contends that his new 120-month sentence is unreasonable in light of the district court's comments at the original sentence hearing about Casey's willingness to deal head-on with his drug addiction:  "I want you to know I would like to have the opportunity if I am able to have greater discretion in this case," the district court said.  On appeal, Casey maintains that this comment at the first sentence hearing is "inconsistent with the imposition of a reasonable sentence in the second hearing."  And by re-imposing a 120-month sentence at the second hearing, Casey says, the district court necessarily must have failed to take into account all of the sentencing factors it was obligated to consider under 18 U.S.C. § 3553(a).

On appeal, when "reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006) (citations omitted).  As the party challenging the sentence, Casey has the burden of establishing its unreasonableness.  See id.

Merely identifying one of several thoughts on the district court's mind during the original sentence hearing, as Casey has done here, does not fulfill this burden.  For instance, Casey has not addressed the fact that the district court explicitly stated that it had considered all of the § 3553(a) factors, a statement that alone suffices in post-Booker cases to establish a court's consideration of those factors.  See United States v. Scott, 426 F.3d 1324, 1329–30 (11th Cir. 2005).  And Casey similarly has left unaddressed the district court's lengthy discussion at the second sentence hearing of: (1) his criminal history; (2) the seriousness of the circumstances leading to his arrest; (3) the need to protect the public; (4) the need to deter him from engaging in future criminal conduct; and (5) the prospect of him receiving drug treatment while in prison.  Each of these considerations are § 3553(a) sentencing factors, and each, in our view, underscore the reasonableness of Casey's 120-month prison sentence.

**AFFIRMED.**

4