[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15343
Non-Argument Calendar

_____

D. C. Docket No. 07-00001-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARICK GRAHAM DAIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 12, 2008)**

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Arick Graham Dail appeals his 151-month sentence

for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). After review, we affirm.

## I. BACKGROUND

Dail was charged with (1) possession of a firearm as a convicted felon, 18 U.S.C. §§ 922(g), 924(a)(2); (2) possession with intent to distribute cocaine, 21 U.S.C. § 841; (3) possession with intent to distribute hydropmorphone, 21 U.S.C. § 841; and (4) possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1). Dail pled guilty to possession with intent to distribute cocaine in exchange for dismissal of the other three counts.

According to the presentence investigation report ("PSI"), Dail sold cocaine to a confidential informant. Police searched Dail's residence and discovered a loaded 9mm handgun, a box of ammunition, and small quantities of marijuana, cocaine, and pills. Dail later confessed to purchasing and selling one-quarter of a kilogram of cocaine and to distributing illegal drugs for approximately four years in the area where he was arrested.

The PSI calculated a base offense level of 20, U.S.S.G. § 2D1.1(c)(10), and applied a 2-level enhancement for possession of a firearm, U.S.S.G. § 2D1.1(b)(1). The PSI reported that Dail was a career offender based on four prior 1999 convictions for possession with intent to sell marijuana involving drug quantities

2

ranging from 23.2 to 53.5 grams. Under U.S.S.G. § 4B1.1, the career-offender enhancement increased his offense level from 22 to 32 and his criminal history category from IV to VI. After applying a 3-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a)-(b), the PSI calculated a total offense level of 29 and an advisory guidelines range of 151 to188 months' imprisonment.

Dail objected that the career-offender enhancement resulted in an excessive sentence in light of his prior convictions that involved less than two ounces of marijuana and occurred over a 10-month period. Dail noted that his advisory guidelines range would be only 46 to 57 months' imprisonment if not for the career-offender enhancement, which would have been a more appropriate sentencing range.

At sentencing, the district court adopted the PSI's guidelines calculations. In mitigation, Dail presented a letter from his employer and stated that he had not violated his pre-trial parole, had been employed since his arrest, and would continue to work and help raise his children. Dail contended that he was not a career criminal, although he had "done some things in the past." Dail stated that he knew that he had to take responsibility for what he had done, but he felt that it was cruel to place him in prison until he was 40 years' old for this offense.

In response to Dail's argument that the career-offender enhancement

overstated his prior criminal record, the government argued that Dail had "page after page after page" of criminal history and had "far more than what is needed to qualify as a career offender." The government stated that it was "a mercy" for Dail to be sentenced at the low end of the guidelines range.

The district court stated that it had considered Dail's and his attorney's statements, the 18 U.S.C. § 3553(a) factors and the advisory guidelines and sentenced Dail to 151 months' imprisonment. The district court noted that it saw "no reason to depart from the sentence called for by the application of the advisory guidelines since the facts justify it." The district court stated that "sentencing [Dail] at the bottom of the advisory guidelines will take into consideration what [Dail] has said to the Court this morning." This appeal followed.

## II. DISCUSSION

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Gall v. United States, 552 U.S. __, 128 S. Ct. 586 (2007), a district court still must correctly calculate the advisory guidelines range. See United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008). The district court then must consider the 18 U.S.C. § 3553(a) factors and "'make an individualized assessment based on the facts presented'" in determining its sentence. Id. at 1190 (quoting Gall, 552 U.S. at __, 128 S. Ct. at 597).

A sentencing judge is not required to discuss each § 3553(a) factor. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). However, "'[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (quoting Rita v. United States, 551 U.S. __, __, 127 S. Ct. 2456, 2468 (2007)). Generally, when sentencing within the advisory guidelines range, the district court is not required to give a lengthy explanation for its sentence if the case is typical of those contemplated by the Sentencing Commission. See id. (citing Rita, 551 U.S. at __, 127 S. Ct. at 2468).

Appellate courts review all sentences under a deferential abuse-of-discretion standard. Pugh, 515 F.3d at 1189 (citing Gall, 552 U.S. at __, 128 S. Ct. at 591). Under Gall, we must engage in a two-step process of sentencing review. Id. at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall, 552 U.S. at __, 128 S. Ct. at 597).

Second, we must consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard.'" Id. (quoting Gall, 552 U.S. at __, 128 S. Ct. at 597). Our review for substantive reasonableness is also guided by the § 3553(a) factors, taking into account the totality of the circumstances. Id. at 1191. The party challenging the sentence bears the burden to shown on appeal that the sentence is unreasonable. Id. at 1189.

Here, there was no procedural error at Dail's sentencing. The district court properly stated that it had treated the guidelines as advisory, and there is no indication that the district court misapprehended its authority to vary from the advisory guidelines range. The district court also stated that it had considered the arguments raised by Dail and his counsel at sentencing and the § 3553(a) factors. Because the district court imposed a sentence within the advisory guidelines range after indicating that it saw "no reason to depart from the sentence called for by the application of the advisory guidelines since the facts justify it," the district court's explanation of its chosen sentence was sufficient. See Agbai, 497 F.3d at 1230; Scott, 426 F.3d at 1329.

Furthermore, we cannot say that Dail's 151-month sentence, at the low end of the advisory guidelines range, was substantively unreasonable. The district court sentenced Dail well below the 20-year statutory maximum sentence. Despite

6

Dail's argument that the prior convictions used to enhance his sentence involved small drug quantities and occurred within a narrow time frame, Dail's criminal history demonstrates a long-term involvement in drug distribution. Further, Dail confessed that he had been dealing drugs from approximately 2002 through his arrest his 2006. In light of these facts and our deference to the district court's advantage in weighing the § 3553(a) factors, Dail has failed to carry his burden to show that the district court abused its discretion in imposing a 151-month sentence.

**AFFIRMED.**