[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15016
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00018-CR-JOF-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO CENTELLA,
a.k.a. this_dark_reality@yahoo.com,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 6, 2009)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Ricardo Centella appeals his 78-month sentence for

possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On appeal, Centella argues that his sentence is unreasonable. After review, we affirm.

In reviewing the reasonableness of a sentence, we apply an abuse-of-discretion standard using a two-step process. United States v. Pugh, 515 F.3d 1179, 1189-90 (11th Cir. 2008) (relying on Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 597 (2007)). First, we look at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts or failing to explain adequately the chosen sentence. Id. at 1190. Then, we look at whether the sentence is substantively reasonable under the totality of the circumstances. Id.

The party who challenges the sentence has the burden to show that it is unreasonable in light of the record and the § 3553(a) factors. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).[1] Although we do not apply a presumption of reasonableness, we ordinarily expect a sentence within the

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the advisory guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. See 18 U.S.C. § 3553(a).

correctly calculated advisory guidelines range to be reasonable.  United States v.

Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Centella argues that his sentence is procedurally unreasonable because the

district court relied on stereotypes and speculation about pedophilia.  Specifically,

Centella points to the district court's comments during the sentencing hearing that

pedophiles are "apparently wired differently" and that the court was "unaware of

any literature that says that the social sciences or psychiatry can unwire

somebody."  Centella argues that these comments were not supported by studies or

other medical evidence in the record.[2]

Our review of the record does not reveal any procedural error.  The district

court adequately considered the correctly calculated advisory guidelines range,[3] the

---

[2]Centella argues that the record supports a finding only that he possessed child pornography and not that he is a pedophile.  However, it is undisputed that Centella told investigators that he is more interested in boys than men, prefers looking at boys between the ages of 10 and 14 and, although he has never had sexual contact with a child, he has thought about it.

[3]At sentencing, the district court calculated Centella's base offense level of 18, pursuant to U.S.S.G. § 2G2.2(a)(1), and increased the offense level: (1) two levels, pursuant to § 2G2.2(b)(2), because the material involved a prepubescent minor or a minor under the age of 12; (2) four levels, pursuant to § 2G2.2(b)(4), because the offense involved material that portrayed sadistic or masochistic conduct; (3) two levels, pursuant to § 2G2.2(b)(6), because the offense involved the use of a computer for the possession of the material; and (4) five levels, pursuant to § 2G2.2(b)(7)(D), because the offense involved 600 or more images.  After a three-level reduction for acceptance of responsibility, pursuant to § 3E1.1(a) and (b), Centella's total offense level was 28.  With a criminal history category of I, his resulting advisory guidelines range was 78 to 97 months' imprisonment.  Centella's statutory maximum sentence was ten years' imprisonment.  Centella did not object to the district court's guidelines calculations and concedes on appeal that they are correct.

§ 3553(a) factors and Centella's arguments in mitigation and gave an adequate explanation for the sentence imposed. Any speculation by the district court about whether Centella's pedophilia was susceptible to treatment does not appear to have been the basis for his sentence. Rather, in reading the sentencing transcript as a whole, we conclude that the district court heard and discussed the parties' arguments regarding Centella's age, alien status, work history and family history, and determined that a sentence within the advisory guidelines range was appropriate because there was nothing unusual about Centella's case.

Centella also argues that the district court failed to consider explicitly one of the § 3553(a) factors – the need to provide Centella with educational or vocational training, medical care or other correctional treatment.[4] While the district court must consider the § 3553(a) factors, it is not required to state on the record that it has done so or to discuss each of the § 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005). It is sufficient if it is obvious from the record that the district court did in fact consider the § 3553(a) factors by its discussion of some of the factors in explaining its reasons for the sentence. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir.), cert. denied, 128 S. Ct. 427 (2007). Thus, the district court's failure to specifically mention the need for medical treatment,

---

[4]We note that Centella never indicated to the district court that he required such care or treatment and does not allege on appeal that he needs it.

training or education does not render Centella's sentence procedurally unreasonable.

We also reject Centella's argument that his 78-month sentence, at the low end of the advisory guidelines range, is substantively unreasonable. Centella ordered by mail seven DVDs depicting sexually explicit conduct by children between the ages of 7 and 16. A search of his computer revealed additional child pornography images. Centella also admitted to subscribing to child pornography websites with his credit card. It is undisputed that Centella possessed at least 600 images of child pornography. By receiving these images, Centella contributed to the continuing victimization of these children and encouraged the production of more images. See Pugh, 515 F.3d at 1195 (discussing the harm to children caused by the possession and distribution of child pornography). Accordingly, we find no merit to Centella's argument that his low-end guidelines sentence failed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence or protect the public.[5]

---

[5]Centella suggests that, by noting the harm caused by child molestation, the district court was misguided as to the nature of the offense and sentenced him as if he were a child molester. At the beginning of the sentencing hearing, the district court stated that Centella was convicted of possessing child pornography and statements by both the government and Centella throughout the hearing acknowledge that his was a child pornography case. Furthermore, Centella's advisory guidelines range was derived using the base offense level in U.S.S.G. § 2G2.2, the guideline applicable to child pornography offenses, not child molestation offenses. The district court then sentenced Centella at the low-end of that guidelines range, all of which indicates that the court understood the nature of the offense. We read the district court's references to child

Likewise, we find no indication that the district court gave undue weight to these factors to the exclusion of other factors, such as Centella's history and personal characteristics. The district court considered Centella's mitigation arguments, including the fact that he was 19 years old when he committed the offense, had quit school to support his family, had no prior criminal history or history of improper contact with children and would be deported when he finished his sentence. The district court concluded that these facts did not warrant a sentence below the advisory guidelines range, and Centella has given us no reason to disturb the district court's judgment in this regard. See United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) ("[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotation marks omitted)).

Finally, citing Kimbrough v. United States, 552 U.S. ___, 128 S. Ct. 558 (2007), Centella argues that his sentence should have been lower because U.S.S.G. § 2G2.2, the guideline used to calculate his offense level, was not based on empirical data or developed in an informed manner. This Court already has rejected a Kimbrough-type challenge to § 2G2.2. See Pugh, 515 F.3d at 1201 n.15. Thus, Centella's argument is foreclosed by our precedent.

molestation to be a reference to the sexual exploitation and abuse suffered by the children used to produce the child pornography Centella possessed.

6

For all these reasons, Centella has failed to carry his burden to show that his 78-month sentence is unreasonable.

**AFFIRMED.**