[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11494
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-14036-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE APARICIO VECERRA,
a.k.a. Jose Aparicio Becerra,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____
(August 14, 2012)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Vecerra appeals the sentence imposed following his conviction for

illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a).  On appeal,

Vecerra argues that his twenty-four-month sentence, which was the result of an upward variance from the advisory guideline range, is both procedurally and substantively unreasonable. After a thorough review of the record, we affirm.

Vecerra was convicted of illegal re-entry following a jury trial. Prior to sentencing, a probation officer prepared a presentence investigation report (PSI), calculating the advisory guideline range as six to twelve months' imprisonment based on a total offense level of eight and a criminal history category III. The PSI also indicated that Vecerra had prior convictions for giving false information to police, public intoxication, resisting arrest, and second-degree murder. The statutory maximum sentence Vecerra faced was twenty-four months' imprisonment. 8 U.S.C. § 1326(a). Vecerra made only factual objections to the PSI, contesting his murder conviction.

At sentencing, Vecerra noted that he was facing a life sentence for his state murder conviction and that he was currently appealing that conviction. The government argued that an upward variance to the statutory maximum sentence was warranted to promote respect for the law, provide deterrence, and protect the public given Vecerra's propensity for violence.

The district court determined that the statutory maximum sentence was warranted. The court explained that the reasons the government cited supported

2

an upward variance. The court further explained that it had considered all the sentencing factors in 18 U.S.C. § 3553(a) and was not singling out any one factor. After stating that it had considered the guideline range, the § 3553(a) factors, and the parties' arguments, the court sentenced Vecerra to twenty-four months' imprisonment. This is Vecerra's appeal.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We review the reasonableness of a sentence under a two-step process. We first consider whether the sentence imposed is procedurally reasonable by ensuring the district court properly calculated the advisory guideline range, considered the § 3553(a) factors, and adequately explained the chosen sentence, including any deviation from the guideline range. *Gall*, 552 U.S. at 51. The district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

Once we conclude that a sentence is procedurally reasonable, we examine

3

whether the sentence was substantively reasonable in light of the totality of the circumstances. *United Sates v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). A district court abuses its discretion when it balances the § 3553(a) factors unreasonably or places unreasonable weight on a single factor. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011). We do not assume a sentence outside the guideline range is unreasonable but we defer to the district court's decision that the extent of the variance is justified by the § 3553(a) factors. *Id.* at 1187. Although the district court making an upward variance must have a justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review, we will vacate such a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190. In imposing an upward variance, the district court may rely on facts that already were considered in determining the guideline range. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).

We conclude that the sentence imposed here was both procedurally and substantively reasonable. Our review demonstrates that the district court properly

4

considered the § 3553(a) factors and adequately explained its reasons for varying upward. The court explained that a statutory maximum twenty-four-month sentence was necessary to punish Vecerra, to reflect Vecerra's repeated disregard for the law and the need to deter future crimes, and to recognize Vecerra's propensity for violence. Although the sentence imposed was the statutory maximum sentence allowed, it was only twelve months above the high end of the guidelines range, and the district court's statements at sentencing were sufficient to support the extent of this variance. Vecerra offered nothing to mitigate the sentence or variance imposed except to persist in his plea of innocence to the murder conviction. Under these facts, Vecerra has not shown that his sentence is unreasonable.

**AFFIRMED.**