[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13537
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00142-JDW-MAP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE MICHAEL BRINKLEY,
a.k.a. Franklin Bond,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 21, 2014)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Tyrone Brinkley appeals his sentence of imprisonment for 96 months following his guilty plea to one count of bank burglary, 18 U.S.C. § 2113(a), and three counts of bank larceny, 18 U.S.C. § 2113(b).  Brinkley argues that the district court failed to explain how it applied an upward departure under the Sentencing Guidelines, U.S.S.G. § 4A1.3, and that it entered a sentence that is procedurally and substantively unreasonable.  We affirm.

We review the reasonableness of a sentence under a deferential standard for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 596, 597 (2007).  A district court has no duty to "articulate his findings and reasoning with great detail."  *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*).  The district court instead must make clear that it has considered the parties' arguments and has a reasoned basis for exercising its discretion.  *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).  And the district court need not discuss each of the statutory factors, 18 U.S.C. § 3553(a), for sentencing.  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  Even if the district court errs in its application of the Sentencing Guidelines, the error is harmless if the record establishes that the district court would have entered the same sentence without the error.  *Id*.

We need not decide whether the district court erred in its upward departure because any error was harmless. The district court alternatively varied above the advisory guideline range to enter the same sentence. The real issue is whether Brinkley's sentence is substantively reasonable.

Brinkley's sentence is reasonable.  Even though the presentencing investigation report placed Brinkley's criminal history in category VI, the vast majority of his criminal record went unscored, and his advisory guideline range was for 27 to 33 months of imprisonment.  Of the 48 adult convictions listed in the report, only 5 counted toward Brinkley's criminal history.  Many of his convictions involved some form of breaking and entering, and most of those convictions involved banks.  The district court found Brinkley's advisory guideline range "shocking" and "mind-boggling."  The district court also found that Brinkley committed the federal offenses to which he pleaded guilty only a few weeks after being released from a prison in North Carolina where he had served a lengthy sentence that "did not have a sufficient deterrent effect on him."  That finding establishes that the district court considered the need for the sentence to "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(B).  The district court also made participation in a mental health program a special condition of Brinkley's sentence.  And Brinkley's sentence is well below the statutory

3

maximum sentence of 20 years of imprisonment.  The district court did not abuse its discretion.  We affirm Brinkley's sentence.

**AFFIRMED.**