[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15915
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00180-MMH-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AL LEROGUE JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 13, 2014)

Before TJOFLAT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

After pleading guilty, Al Lerogue Jones appeals his 155-month sentence for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  On appeal, Jones argues that his sentence is substantively unreasonable.  After review, we affirm.

We review the reasonableness of a sentence for an abuse of discretion using a two-step process.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances.  Id.[1]  We will vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).  The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Jones has not met his burden to show his 155-month sentence is substantively unreasonable.  Jones's sentence is at the lower end of the advisory

---

[1]Jones does not argue that his sentence is procedurally unreasonable or point to any procedural error at his sentencing.

guidelines range of 151 to 188 months and well below the statutory maximum life sentence, both indications that the sentence is reasonable. See United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008); United States v. McKinley, 732 F.3d 1291, 1299 (11th Cir. 2013).

In sentencing Jones, the district court emphasized the serious circumstances of Jones's current offense, which involved a civilian calling 911 to report that Jones was waving a gun around in a parking lot and then police discovering Jones with a revolver and two rounds of ammunition, as well as a crack pipe containing cocaine residue. Although Jones claimed he was not actually waving the firearm around, but instead was trying to barter the firearm for drugs, either one of these was a dangerous activity that, in the words of the district court, "put[ ] other individuals significantly at risk." The district court stressed that Jones's current offense was even more serious in light of his prior criminal history, especially his 2007 convictions for aggravated battery with a deadly weapon and possession of a firearm by a convicted felon, which involved Jones shooting a coworker.

The district court's concern over Jones's criminal history is supported by the record, which demonstrates that Jones has a lengthy history of at least 18 prior convictions dating back to 1993, only four of which resulted in criminal history points. Many of Jones's prior crimes were drug-related and some involved theft or violence. In addition, Jones had five prior convictions for driving on a suspended

or revoked license.  Based on his criminal history, Jones received the highest criminal history category of VI and qualified as an armed career criminal under both the Sentencing Guidelines and the Armed Career Criminal Act ("ACCA"). Not only had Jones already been convicted of being a felon in possession of a firearm once before, but during that offense Jones fought with a coworker, was instructed by his employer to leave the work site, and then returned 45 minutes later and shot his coworker in the buttocks.  As the district court stated, given the circumstances of Jones's prior firearm offense, Jones "had no business having [a loaded firearm] anywhere near [him]."

The district court also stated that Jones showed a lack of respect for the law, citing in particular the fact that Jones "[took] the law into [his] own hands" by shooting his coworker rather than allowing the law to prosecute his coworker for the altercation.  In addition, Jones's extensive criminal history and some of Jones's statements at the sentencing hearing minimizing some of his offenses showed a lack of respect for the law.

The fact that Jones provided substantial assistance after his arrest does not undermine the district court's finding that Jones showed a lack of respect for the law.  Rather, the district court took into account Jones's assistance to authorities when it granted the government's U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) motions—permitting a sentence below the mandatory minimum 15-year sentence

and reducing his advisory guidelines range from 180 to 210 months to 151 to 188 months—and then sentenced Jones to 155-months, at the lower end of the new range.

The record belies Jones's claim that the district court failed to consider his status as a small-time drug dealer who was in need of substance abuse treatment. Jones's counsel argued these facts in mitigation, and, in response, the district court recommended that Jones be allowed to participate in drug treatment programs and vocational training in prison.

Jones also argues that the district court failed to adequately consider the unfairness of applying the ACCA enhancement when one of Jones's three predicate offenses involved the sale of only 0.1 gram of cocaine. Jones's counsel raised this argument in the district court and also conceded that the cocaine offense technically qualified as a predicate offense. The district court heard this argument and was not required to address it explicitly, so long as it acknowledged that it had considered the parties' arguments and the § 3553(a) factors, which it did. See United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005). The district court went further, however, and explicitly considered Jones's criminal history as a whole to be an aggravating, rather than a mitigating, factor. Although Jones disagrees with the district court's assessment of his criminal history, after reviewing the record, we cannot say that the district court committed a clear error

5

in judgment in weighing the § 3553(a) factors or that Jones's 155-month sentence is unreasonable.

**AFFIRMED.**