[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16484
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60095-BB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JON LEE SABOURIN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 21, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Jon Lee Sabourin appeals the substantive reasonableness of his 121-month sentence, imposed after he pled guilty to distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), (b)(1).  Mr. Sabourin argues that the district court erred because his sentence was "greater than necessary" to achieve the sentencing goals of punishment, deterrence, and rehabilitation, in violation of 18 U.S.C. § 3553(a).   Upon review, we affirm.

We review the substantive reasonableness of a sentence for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 41 (2007).  A sentence falls within "a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."  *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) (citation omitted).

Our review of a substantive reasonableness challenge entails "examining the totality of the circumstances, including an inquiry into whether the statutory factors in [18 U.S.C.] § 3553(a) support the sentence in question."  *United States v. Gonzalez*, 550 F.3d 1319, 1323–24 (11th Cir. 2008) (citation omitted).  The district court's acknowledgment that it has considered the defendant's arguments and the § 3553(a) factors will generally suffice, and "[w]e will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court has made 'a clear error of judgment' and has imposed 'a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'"

2

*Gonzalez*, 550 F.3d at 1324 (citation omitted).  The district court need not discuss or state each § 3553(a) factor explicitly.  *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

The district court's sentence here was not unreasonable.  The court explicitly took into account certain § 3553(a) factors it believed justified the sentence imposed.  *See* Tr. of Sentencing Hearing, D.E. 60 at 22–23.  The court emphasized that the sentence reflected a need to promote respect for the law and the seriousness of this offense, considered the Sentencing Commission's report, and reviewed an expert's report concluding Mr. Sabourin fell "in the low-risk range for the expression of a sexual contact offense with a juvenile."  *Id.*  The district court, moreover, varied downward slightly and gave Mr. Sabourin a sentence below the initial guideline range of 151–188 months.  Mr. Sabourin offers no argument for why his sentence was unreasonable, other than a conclusory statement that the sentence was too harsh.  *See* Appellant's Br. at 12.

Given the record before us, there is no basis to disturb the district court's sentence.

**AFFIRMED.**